UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| PAMELA SCOTT-GAGE | : | |
| Debtor | : | Bankruptcy No. 05-10069 |
| PAMELA SCOTT-GAGE | : | |
| _____ | | |
| Plaintiff | : | |
| v. | | |
| | : | |
| JP MORGAN CHASE BANK | | |
| WMC MORTGAGE CORPORATION | : | Adversary No. 05-0171 |
| GMAC MORTGAGE CORPORATION | | |
| and PLANTINUM FINANCIAL, INC. | : | |
| Defendant | | |

.................................................

MEMORANDUM

.................................................

Defendants JP Morgan Chase Bank, WMC Mortgage Corporation, and GMAC Mortgage Corporation have moved for summary judgment against the plaintiff, Pamela Scott-Gage. The plaintiff opposes the relief sought, in part only. Upon consideration of the motion and answer thereto with accompanying affidavits, plus the parties' joint pretrial statement providing a statement of uncontested facts, I find that the following facts are not disputed for purposes of the instant motions.

I.

On June 24, 2002, the plaintiff entered into a loan transaction with defendant WMC to refinance an existing mortgage on her residence: 3 Linden Terrace, Philadelphia, Pennsylvania. In connection with this loan, the plaintiff executed a promissory note in the amount of $48,800, payable to WMC, and bearing an interest rate of 11.75%. The note provided that the plaintiff would tender $492.59 per month for 30 years, beginning on September 1, 2002. In addition to this promissory note, the plaintiff signed a mortgage in favor of WMC, using her residence as collateral.

The loan settlement date was July 24, 2002. The settlement statement, or HUD-1A form, reflects that $43,073.69 of the loan proceeds was to be paid to various creditors of the plaintiff, $1,429.28 was to be disbursed to the plaintiff, and $4,297.02 of the proceeds was payable as fees. The disbursement date was July 29, 2002.

The following fees are itemized on the settlement statement as payable from the loan proceeds, totaling $4,297.03

| | |
|---|---|
| Appraisal Fee to Platinum Financial | $250.00 |
| Origination Fee to Platinum Financial | $1,641.44 |
| Processing Fee to Platinum Financial | $295.00 |
| Interest from 7/28/02 to 8/1/02 | $47.10 |
| Hazard Insurance Premium to Civic Property | $768.74 |
| Settlement or closing fee to Lawyers Land Services | $395.00 |
| Notary Fees to Clerk | $25.00 |
| Title Insurance to Lawyers Land Services | $522.75 |
| End[orsements] . . . to Lawyers Land Services | $150.00 |
| Recording Fees . . . | $92.00 |
| CPL to Old Republic | $35.00 |
| Wire Fee to Lawyers Land Services | $20.00 |
| Tax Cert to Lawyers Land Services | $15.00 |
| Courier Fee to Lawyers Land Services | $40.00 |

In addition, a fee identified on the settlement sheet but not payable from the loan proceeds was described as follows: "Broker comp for services to Platinum Financial P.O.C. 976.00."

A Federal Truth in Lending Disclosure Statement, dated July 24, 2002, bears the plaintiff's signature and also contains her initials. This loan disclosure statement revealed that the loan from WMC Mortgage Corp. had an annual percentage rate ("APR") of 12.7392% , a finance charge of $132,021.55, an amount financed of $45,316.43, and total payments of $177,337.98. In addition, the disclosure statement noted, inter alia, that the plaintiff was granted a security interest in the Linden Terrace realty, that property insurance was required, and that the borrower was free to "obtain the insurance from anyone that is acceptable to creditor."

The plaintiff apparently also signed and dated a document reflecting the itemization of the amount financed. From this document it is clear that the amount financed was calculated by subtracting from the loan amount ($48,800) the origination fee and processing fee paid to Platinum Financial (identified only as the "broker"), the prepaid interest fee, a settlement or closing fee to the title company, estimated to be $1,000, and an attorney's fee, estimated to be $500.

This document also stated that certain charges would be "paid to others on your behalf by creditor." Those charges were the appraisal fee "to Bruce P. Boiwin," plus the property insurance, notary and recording fees, and the title insurance premium. The amounts identified are the same or close to the actual figures identified on the HUD-1A settlement sheet, except for the title insurance cost.

All the defendants have attached to their summary judgment motions copies of a Notice of Right to Cancel, apparently signed and dated by the plaintiff, as well as a document signed by the plaintiff and dated July 24, 2002, wherein the plaintiff acknowledges "receipt of a copy of our loan documents from our settlement agent." Despite this acknowledgment, the plaintiff has submitted an affidavit in opposition to summary judgment, in which she avers, in part:

> 6. The [loan] settlement was conducted somewhere just outside of Philadelphia at an office. During settlement, I was asked to sign numerous documents. At the end of the settlement, I did not receive copies of any of the documents that I signed.
>
> 7. Several days after the settlement, I received a package of papers relating to the loan transaction in the mail. I put all of these papers away in a cabinet. I took them to my present lawyer when he asked me for them. I do not believe that I lost any papers and that what I took to him was all that I received in mail after the settlement.
>
> 8. I do not know what all the papers that I signed were, I did not know what papers I was supposed to get at or after the settlement. However, since what I now know is a Truth-in-Lending Disclosure Statement and a Notice of Right to Cancel were not among the papers that I received in the mail and gave to my lawyer, it is obvious that I did not receive any such papers.

The parties agree that after this loan closed, the note and mortgage were later assigned to JP Morgan Chase Bank. There is an affidavit from Mr. Thomas Moan, an employee with GMAC, who swears that defendant GMAC is simply the mortgage loan servicer, and has been since June 2, 2003. JP Morgan Chase Bank is the "trustee for Plaintiff's loan, which is being held by Residential Asset Mortgage Products, Inc. series 2003-RP2." Furthermore, JP Morgan Chase Bank has been trustee since September 5, 2003.

The parties also agree that the plaintiff never received any pre-settlement loan disclosures within the scope of the Home Owners Equity Protection Act ("HOEPA").

On November 8, 2004, counsel for the plaintiff sent a letter to JP Morgan Chase Bank and to GMAC Mortgage Corporation asserting the plaintiff's right to rescind the July 2002 loan transaction. On January 3, 2005, the plaintiff filed a voluntary petition in bankruptcy under chapter 13. On January 20, 2005, JP Morgan Chase Bank filed a secured proof of claim in the bankruptcy case, asserting a debt in the amount of $54,674.43, with pre-bankruptcy loan arrearages totaling $6,293.79. The claim also reveals that a judgment in mortgage foreclosure had been entered against the debtor on October 26, 2004.

II.

Defendants WMC Mortgage Corp. and JP Morgan Chase Bank now seek summary judgment as to Counts I, II, and III. In general, summary judgment should be granted only if a court concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (incorporated in bankruptcy proceedings by Fed. R. Bankr. P. 7056). The moving party bears the burden of proving that no genuine issue of material fact is in dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986).

The purpose of summary judgment is to avoid the expense and delay of an unnecessary trial when no material facts are legitimately contested and one of the parties

is entitled to prevail on the merits. See, e.g., Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).

> As explained by the Third Circuit Court of Appeals:
>
> Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law and there is no genuine dispute of material fact. Gottshall v. Consolidated Rail Corp., 56 F.3d 530, 533 (3d Cir. 1995) (citing Fed. R. Civ. P. 56(c)). In order to defeat "a properly supported summary judgment motion, the party opposing it must present sufficient evidence for a reasonable jury to find in its favor." Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52, 106 S. Ct. 2505, 2511-12, 91 L. Ed. 2d 202 (1986)). In essence, the non-moving party must demonstrate a dispute over facts that might affect the outcome of the suit. Id. Moreover, in reviewing the record, we must give the non-moving party the benefit of all reasonable inferences. Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993).

Hampton v. Borough of Tinton Falls Police Dep't, 98 F.3d 107, 112 (3d Cir. 1996); see In re Saler, 205 B.R. 737, 741 (Bankr. E.D. Pa. 1997).

"[The court must] view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); see also Helen L. v. DiDario, 46 F.3d 325, 329 (3d Cir.), cert. denied sub nom. Pennsylvania Secretary of Public Welfare v. Idell S., 516 U.S. 813 (1995); Valhal Corp. v. Sullivan Associates, Inc., 44 F.3d 195, 200 (3d Cir. 1995); Goodman v. Mead Johnson, 534 F.2d at 573.

The moving party bears the burden of proving that no genuine issue of material fact is in dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986). Once the movant has carried its initial burden, the nonmoving

party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Id., at 587 (quoting Fed. R. Civ. P. 56(e)).

> As explained by the Third Circuit:
>
> At the summary judgment stage of proceedings, if the movant – in this case the Defendants – can point to the absence of any factual support for one of [the] essential elements [of the complaint], then the non-movant, bearing the burden of persuasion at trial, must introduce specific facts showing a need for trial, pursuant to Fed. R. Civ. P. 56(e). See Celotex, 477 U.S. at 322-24, 106 S. Ct. 2548. If the non-moving party fails to go beyond conclusory allegations in its pleadings and to produce specific facts indicating that there is a genuine issue for trial, summary judgment will be granted in favor of the moving party.

Annulli v. Panikkar, 200 F.3d 189, 198-99 (3d Cir. 1999) (citations omitted).

III.

On March 22, 2005, the debtor commenced the above captioned adversary proceeding. The complaint alleges three causes of action. Count I, against WMC, JP Morgan and GMAC, alleges violations of the federal Truth-in-Lending Act ("TILA") and HOEPA, specifically the failure to provide all required loan disclosures and the failure to provide accurate loan disclosures. In Count II, she asserts against all defendants violations of the Pennsylvania Credit Services Act. And in Count III, the plaintiff avers

that all of the defendants violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.[1]

In her joint pretrial statement and memorandum in opposition to summary judgment, the plaintiff agrees to dismiss all three claims against defendant GMAC and to dismiss Counts II and III against defendants JP Morgan Chase Bank and WMC Mortgage Corporation. Thus, the only remaining claim to be considered in connection with the instant motions for summary judgment are the TILA and HOEPA claims found in Count I against defendants JP Morgan Chase Bank and WMC Mortgage Corporation.

A primary issue posed by the plaintiff's remaining claim against these two defendants is her assertion that she never received a copy of the requisite loan disclosure documents at the time of the loan. If true, this would be a violation of TILA, given that the plaintiff's home served as collateral for the loan. See, e.g., Beach v. Ocwen Federal Bank, 523 U.S. 410, (1998):

> Under the Truth in Lending Act, 82 Stat. 146, 15 U.S.C. § 1601 et seq., when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately. See 15 U.S.C. § 1635.

The plaintiff should have been given notice of her right to rescind, as well as notice of various material loan terms. These required disclosures are to be in writing on forms that the borrower is given for retention at the loan closing. See, e.g., Bumpers v. Bank One, N.A., 2003 WL 22119929, at *3 (N.D. Ill. 2003); Walters v. First State

---

[1] Counts II and III are also raised against another defendant: Platinum Financial, Inc. This defendant has not filed any response to the complaint and, at plaintiff's request, judgment by default will be entered against Platinum.

8

Bank, 134 F. Supp. 2d 778, 781 (W.D. Va. 2001); Jenkins v. Landmark Mortgage Corp., 696 F. Supp. 1089, 1093 (W.D. Va. 1988).

The defendants do not contest that summary judgment should be denied if there were a material fact in dispute regarding the plaintiff's receipt of required TILA disclosures at the time of the loan closing. However, both WMC and JP Morgan Chase rely upon the plaintiff's signatures upon the various loan documents dated July 24, 2002—the date of the loan closing—as well as upon her signed acknowledgment of receipt of these documents, also dated July 24, 2002, as proof that she received copies of all required loan forms and notices at the time the loan was made. (A copy of the plaintiff's acknowledgment was attached to the JP Morgan Chase submission as Exhibit Gage-2 and to the WMC submission as Exhibit F.)

The plaintiff does not dispute that she signed the various documents and the acknowledgment of receipt. However, by virtue of 15 U.S.C. § 1635(c), "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." Thus, the July 24th acknowledgment signed by the plaintiff is not conclusive on this issue, but shifts the evidentiary burden to her to rebut the presumption of receipt. The plaintiff attempts to meet her burden via her affidavit, quoted above, wherein she avers that she only received some of the documents by mail, days after the loan closing.

The defendants argue that her averments, by themselves, are insufficient to meet her evidentiary burden and thus they are entitled to summary judgment on this

9

aspect of her TILA claim. The plaintiff counters that she is entitled to a trial on the question of her receipt of the loan documents, where her credibility can be determined.

One issue posed in this adversary proceeding—whether a TILA plaintiff can overcome the section 1635(c) presumption and avoid summary judgment, by swearing that she never received the requisite loan documents—has divided courts. Some courts have held or suggested that the borrower's denial of receipt, by itself, is sufficient to create a triable issue. See, e.g., Stutzka v. McCarville, 420 F.3d 757, 762 (8th Cir. 2005) ("Gibilisco's affidavit, at the very least, would have rebutted the presumption of delivery"); In re Jones, 298 B.R. 451, 459 (Bankr. D. Kan. 2003); see also Davison v. Bank One Home Loan Services, 2003 WL 124542, at *4 n.7 (D. Kan. 2003).

Other courts have held to the contrary. See, e.g., Golden v. Town & Country Credit, 2004 WL 229078, at *2 (D. Minn. 2004); see also McCarthy v. Option One Mortgage Corp., 362 F.3d 1008, 1011 (7th Cir. 2004) ("Evidence of regular office procedures and customary practices of a sender gives rise to a presumption of delivery and this Court has rejected the notion that this type of evidence may be rebutted by a mere denial of receipt."); Williams v. First Government Mortgage and Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000) ("[B]ecause Williams offered no evidence of non-delivery beyond his trial testimony, we affirm the district court's determination that Williams failed to rebut the presumption of delivery.").

Two recent decisions from the District Court for the Eastern District of Pennsylvania fall into the latter group. In Oscar v. Bank One, 2006 WL 401853, at *3 (E.D. Pa. 2006) and Strang v. Wells Fargo, 2005 WL 1655886, at *3 (E.D. Pa. July 13, 2005), two district court judges held that a plaintiff/borrower's verified statement that he

did not receive required loan disclosures was insufficient to overcome the statutory presumption of receipt to create a triable issue, and so summary judgment was granted in favor of the defendant/lender. The Strang court explained:

> Although the Third Circuit Court of Appeals has not explicitly addressed this issue, other Circuits have found that a borrower's testimony that disclosures were not provided, without more, is insufficient to rebut the presumption that disclosure occurred where there is written acknowledgment of receipt.

Id., at *3.

The defendants in this adversary proceeding maintain that the Strang holding is correct and should be followed. JP Morgan Chase Memorandum, at 10; WMC Memorandum, unpaginated, at IV(1)(B). The plaintiff in this proceeding argues that the approach in Strang is incorrect and should not be followed. Indeed, she further contends that the Strang decision is currently on appeal before the Third Circuit Court of Appeals.[2] The docket entries of that court so reflect a pending appeal from the district court decision in that case. Docket No. 05-5154.

Given that the Strang ruling regarding the borrower's failure to rebut the presumption found in section 1635(c) occurred in the context of summary judgment, and so was not a credibility finding, affirmance of summary judgment can only occur if the Court of Appeals upholds the district court's ruling on that issue. Furthermore, the appellate court is likely to rule on this appeal in a matter of months.

Were I to grant the defendants' summary judgment motion, there likely would be a protective appeal, at least on the issue of delivery of the loan documents.

---

[2] Plaintiff's attorney in this proceeding also represented the losing plaintiffs in Strang and Oscar.

11

Were I to deny the motion, and if the defendants did not seek an interlocutory appeal, the trial might involve an issue not properly before me, for which the parties would undergo the expense of preparation.

In light of the pending appeal in <u>Strang</u>, which appeal is likely to address the very issue before me and be binding upon this court, I shall defer ruling on the matter pending the outcome of that appeal.  See <u>Cosby v. Mellon Bank, N.A.</u>, 407 F. Supp. 233, 234 (W.D. Pa. 1976) ("On October 2, 1975, the Court held a hearing on the summary judgment motions but deferred its decision until the disposition of the "acceleration clause issue" which was pending before the United States Court of Appeals for the Third Circuit in the case of Johnson v. McCrackin-Sturman Ford, Inc. . . ." ).  Once the <u>Strang</u> appeal is decided, I can determine whether trial is necessary and, if unnecessary, resolve the remaining issues surrounding Count I, already briefed and argued by the various parties.

An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| PAMELA SCOTT-GAGE | : | |
| Debtor | : | Bankruptcy No. 05-10069 |
| PAMELA SCOTT-GAGE | : | |
| _____ | | |
| Plaintiff | : | |
| v. | | |
| | : | |
| JP MORGAN CHASE BANK | | |
| WMC MORTGAGE CORPORATION | : | Adversary No. 05-0171 |
| GMAC MORTGAGE CORPORATION | | |
| and PLANTINUM FINANCIAL, INC. | : | |
| Defendant | | |

................................................

ORDER

................................................

AND NOW, this 17th day of March 2006, upon motions of defendants JP Morgan Chase Bank, WMC Mortgage Corporation and GMAC Mortgage Corporation for summary judgment,

And for the reasons stated in the accompanying memorandum, it is hereby ordered that:

1. Summary judgment is granted in favor of defendant GMAC Mortgage Corporation and against the plaintiff on all counts;

2. Summary judgment is granted in favor of defendant JP Morgan Chase Bank and against the plaintiff on Counts II and III;

3. Summary judgment is granted in favor of defendant WMC Mortgage Corporation and against the plaintiff on Counts II and III; and

4. The motions of defendants JP Morgan Chase Bank and WMC Mortgage Corporation for summary judgment on Count I are deferred pending the ruling of the Third Circuit Court of Appeals in the case of Strang v. Wells Fargo, Docket No. 05-5154. Plaintiff's counsel shall notify immediately all parties and this court upon his receipt of the Third Circuit's deposition of the Strang appeal.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Barbara K. Hager, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Edward W. Kirn III, Esq.
Powers Kirn LLC
P.O. Box 1568
Mount Laurel, NJ 08054